TO BE PUBLISHED

# Supreme Court of Kentucky

2021-SC-0049-KB

ROBERT LEE MCKINNEY, II                                          MOVANT

V.                          IN SUPREME COURT

KENTUCKY BAR ASSOCIATION                                    RESPONDENT

## OPINION AND ORDER

Robert Lee McKinney, II, Kentucky Bar Association ("KBA") member number 90067, whose bar roster address is 707 Virginia Street, East, Suite 1601, Charleston, West Virginia, 25301, was admitted to practice law in the Commonwealth of Kentucky on March 31, 2004. Subsequently, McKinney moved to withdraw his membership, and accordingly this Court granted the motion on August 23, 2013. At the time, McKinney had no disciplinary investigations, complaints or charges pending against him.

McKinney is currently employed at Hawkins Parnell & Young, LLP in Charleston, West Virginia, having been admitted to the West Virginia bar on October 2, 1995. Prior to his current position, McKinney served as a lawyer with the Administrative Office of the Supreme Court of Appeals of West Virginia and as an associate attorney with Mapother & Mapother in Huntington, West

Virginia. On February 26, 2020, McKinney applied for restoration to the practice of law pursuant to Supreme Court Rule ("SCR") 3.500(3).

On February 5, 2021, the KBA Board of Governors ("Board") unanimously recommended approval of McKinney's application. The Board's recommendation is supported by the Character and Fitness Committee's recommendation as to McKinney's good moral character and fitness to practice law. It is further supported by certification from the KBA Office of Bar Counsel ("OBC") that McKinney has no disciplinary matters pending against him, nor is he the subject of any claims against the Clients' Security Fund. In addition, the KBA Director of Continuing Legal Education ("CLE") provided a letter stating that McKinney has completed the required number of CLE credits for restoration pursuant to SCR 3.685. The Board found that McKinney has been engaged in the practice of law in a reciprocal jurisdiction for not less than five of the last seven years; therefore, he is eligible for admission without examination, pursuant to SCR 2.110 and SCR 3.500(3)(e).

McKinney's application for restoration now comes before this Court. In order for the Court to approve McKinney's application, we must ensure that he has complied with the conditions set forth in SCR 3.500(3)(a)-(e), which states as follows:

> A former member whose withdrawal or suspension from membership has prevailed for 5 years or longer may apply for restoration by: (a) Submitting an application for restoration ... (b) Submitting with the application a certificate from the Office of Bar Counsel that the former member has no pending disciplinary matters; (c) Submitting with the application a certificate from the Director of Continuing Legal Education pursuant to SCR 3.685.... (e) If the Character and Fitness Committee recommends approval

2

of the application and the Board concurs...if the Applicant has practiced in a reciprocal jurisdiction after withdrawal pursuant to SCR 3.480 and meets all requirements of SCR 2.110, the Applicant may elect to have the Character and Fitness Committee consider an application for admission without examination under SCR 2.110....If the Applicant...is approved for admission without examination, such fact shall be certified to the Court and to the Director, together with a recommendation for the Applicant's restoration to membership. Upon this certification, the Disciplinary Clerk shall transmit the record to the Court for its consideration of the application for restoration.

Upon review of the record, this Court finds that McKinney has satisfied the requirements of SCR 3.500(3). Having no reason to disagree with the Board's recommendation, we find that McKinney is entitled to be restored to the practice of law.

ACCORDINGLY, IT IS ORDERED THAT:

Robert Lee McKinney, II, KBA member number 90067, is hereby restored to KBA membership and the practice of law in this Commonwealth, subject to:

1) Payment of current KBA membership dues;

2) CLE compliance;

3) Payment of the cost of this proceeding, as required by SCR 3.500(4), in the amount of $89.32. In the event the KBA costs exceed the posted bond, McKinney will pay for the additional cost. Any funds remaining from the bond after the OBA and KBA have recovered their cost will be refunded to McKinney.

All sitting. All concur.

ENTERED: March 25, 2021.

_____
CHIEF JUSTICE MINTON